# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERIC SHAWN ROASTING STICK,<br><br>Defendant. | CR 20-01-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Eric Shawn Roasting Stick (Roasting Stick) has been accused of violating the conditions of his supervised release. Roasting Stick admitted alleged violations 1, 2 and 3. Roasting Stick denied alleged violation 4. The government failed to satisfy its burden of proof with respect to alleged violation 4. Roasting Stick's supervised release should be revoked. Roasting Stick should be placed in custody until November 23, 2021, with no supervised release to follow.

## II. Status

Roasting Stick pleaded guilty to Assault by Striking, Beating or Wounding on August 5, 2020. (Doc. 78). The Court sentenced Roasting Stick to 12 months of custody, followed by 1 year of supervised release. (Doc. 85). Roasting Stick's

current term of supervised release began on May 10, 2021. (Doc. 106 at 2).

### Petition

The United States Probation Office filed a Petition on October 4, 2021, requesting that the Court revoke Roasting Stick's supervised release. (Doc. 106). The Petition alleged that Roasting Stick had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on two separate occasions; 2) by using methamphetamine; and 3) by failing to follow the instructions of his probation officer.

### Initial appearance

Roasting Stick appeared before the undersigned for his initial appearance on October 19, 2021. Roasting Stick was represented by counsel. Roasting Stick stated that he had read the petition and that he understood the allegations. Roasting Stick waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on October 19, 2021. Roasting Stick admitted that he had violated the conditions of his supervised release: 1) by failing to report for substance abuse testing on two separate occasions; and 2) by using methamphetamine. Roasting Stick denied alleged violation 4. The

government failed to satisfy its burden of proof with respect to alleged violation 4. The violations that Roasting Stick admitted are serious and warrant revocation of Roasting Stick's supervised release.

Roasting Stick's violations are Grade C violations. Roasting Stick's criminal history category is I. Roasting Stick's underlying offense is a Class A misdemeanor. Roasting Stick could be incarcerated for up to 12 months. Roasting Stick could be ordered to remain on supervised release for up to 10 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Roasting Stick's supervised release should be revoked. Roasting Stick should be placed in custody until November 23, 2021, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Roasting Stick that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Roasting Stick of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Roasting Stick that Judge Morris would consider a timely objection before making

a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Roasting Stick of his right to allocute before Judge Morris.

The Court **FINDS:**

> That Eric Shawn Roasting Stick violated the conditions of his supervised release: by failing to report for substance abuse testing on two separate occasions; and by using methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Roasting Stick's supervised release and commit Roasting Stick to the custody of the United States Bureau of Prisons until November 23, 2021, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 19th day of October, 2021.

John Johnston
United States Magistrate Judge